ESTATE OF MARCUS D. FAIRCHILD, NELLIE B. FAIRCHILD, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19022. Promulgated November 29, 1927.

*Henry Logan, Esq.*, and *Chester A. Allen, C. P. A.*, for the petitioner.

*Arthur H. Fast, Esq.*, for the respondent.

OPINION.

STERNHAGEN : The petitioner says that respondent has overstated the decedent's gross estate by improperly including two items which were not part of the decedent's property at death and by overvaluing certain stock and real property owned.

The respondent held that petitioner owned 379 shares of the stock of Bluebird Securities, Inc. Petitioner has proven that 100 of these shares were owned by decedent's wife, who had owned separate property and had contributed to the corporation separately. The stock certificate for 100 shares had been issued to her in 1919, and she was thus presumed to be the owner. *Great Northern Railway* v. *Smietanka*, 273 U. S. 182. The value of this stock was not within the gross estate and respondent is reversed as to this item.

The respondent held the value of Bluebird Securities, Inc., stock to be at the rate of $177 a share. Petitioner alleges that this is excessive and that the value was $138.15 a share. The proof is insufficient to sustain the lower value claimed. It consists of the testimony of an accountant who examined the books and prepared a balance sheet. He satisfactorily verified the ownership and value of certain listed stocks among the assets, but as to other items he had no personal or direct knowledge and was not qualified to give evidence. Even assuming that the value of the Bluebird stock was proven to be exactly equal to the value of the assets of the corporation minus the liabilities, such valuation would require proper evidence of each item of such assets and liabilities. Without proof, for example, of the alleged note payable of $25,000 or of officers' account current $13,853.59, other than their statement on the constructed balance sheet, the true value of the Bluebird stock as something less than found by respondent has not been established. Respondent is therefore sustained in his valuation of $177 a share.

The respondent held that the value of the Ditmas Avenue property at death was $33,000. The evidence establishes a value of $27,500. The property was owned by decedent and his wife as tenants by the entirety and the wife contributed to the purchase price. This property should be excluded from the gross estate under authority of *Estate of Charles I. Hudson*, 5 B. T. A. 711.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by GREEN and ARUNDELL.